UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ASHARFUN NISH HAFIZ,<br><br>                         Plaintiff,<br><br>              v.<br><br>NATIONSTAR MORTGAGE; CAL-WESTERN RECONVEYANCE, LLC,<br><br>                         Defendants. | No. C 14-00015 LB<br><br>**ORDER (1) CONTINUING THE HEARING ON NATIONSTAR'S MOTION TO DISMISS AND THE INITIAL CASE MANAGEMENT CONFERENCE, (2) GRANTING PLAINTIFF'S AMENDED MOTION FOR PERMISSION TO FILE A LIS PENDENS, AND (3) DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE ELECTRONICALLY**<br><br>[Re: ECF Nos. 5, 7, 8, 13] |

On January 2, 2014, Plaintiff Asharfun Nish Hafiz, who is proceeding pro se, filed a complaint against two Defendants: Nationstar Mortgage ("Nationstar") and Cal-Western Reconveyance, LLC ("Cal-Western"). *See* Complaint, ECF No. 1.[1] Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and committed negligence, in relation to their foreclosure of her property. *See id.* at 2, 7-8. This order addresses in turn below several case management issues that need to be resolved.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 14-00015 LB
ORDER

## I. THE COURT NEEDS THE CONSENT OF ALL SERVED PARTIES TO DECIDE NATIONSTAR'S MOTION

Plaintiff apparently served Nationstar with the complaint and summons, as it has appeared and moved to dismiss Plaintiff's complaint.[2] *See* Motion, ECF No. 8.  The court cannot tell whether Plaintiff served Cal-Western because it has not appeared in this action and Plaintiff has not filed any proof of service or an executed summons.  *See generally* Docket.  And while Plaintiff and Nationstar have consented to the undersigned's jurisdiction, Cal-Western has not (because it has not appeared).  *See* Consent (Plaintiff), ECF No. 6; Consent (Nationstar), ECF No. 12.

Under 28 U.S.C. § 636(c), the court needs the consent of all served parties to decide the pending motion to dismiss.  *See* 28 U.S.C. § 636(c).  An unserved defendant is not a party under 28 U.S.C. § 636(c).  *See Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).  It is unclear whether Plaintiff has served Cal-Western.  And under Federal of Civil Procedure 4(m), absent good cause, Plaintiff has 120 days to serve Defendants, which means that Plaintiff must serve Cal-Western by May 2, 2014.  Plaintiff must do so by May 2, 2014 (if Plaintiff has not already done so) and must file a proof of service as soon as she does and in any event no later than May 3, 2014.  If Plaintiff does not serve Cal-Western by May 2, 2014, the court may dismiss Cal-Western from this action without prejudice pursuant to Rule 4(m).  Alternatively, if Plaintiff decides not to proceed against Cal-Western, Plaintiff should file a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Accordingly, the court **CONTINUES** the hearing on Nationstar's motion to dismiss from March 20, 2014 to May 15, 2014 at 9:30 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.  If Plaintiff files a voluntary dismissal of

---

[2] Nationstar filed its motion on January 29, 2014 and served it on Plaintiff by mail.  Plaintiff never filed an opposition within the time allowed, and Nationstar, then, had no occasion to file a reply.  Thus, Nationstar's motion is the only brief to be considered by the court.

C 14-00015 LB
ORDER                                                                         2

Cal-Western, the court will consider hearing Nationstar's motion to dismiss sooner than May 15, 2014.  In light of the continuance of the hearing on Nationstar's motion to dismiss, the court also **CONTINUES** the initial case management conference from April 3, 2014 to May 29, 2014 at 11:00 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.  The parties shall file a joint case management conference statement no later than May 22, 2014.

## II. THE COURT GRANTS PLAINTIFF'S AMENDED MOTION FOR PERMISSION TO FILE A LIS PENDENS

On January 21, 2014, Plaintiff filed a motion for permission to file a lis pendens.[3]  Original Motion, ECF No. 5.  On January 27, 2014, Plaintiff filed an amended motion that adds a more detailed description of the property.  Amended Motion, ECF No. 7.  The amended motion supercedes the original motion.

"A lis pendens is a 'recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice.'" *Farahani v. Cal-Western Reconveyance Corp.*, No. C09-0194 JF (RS), 2009 WL 1309732, at *2 (N.D. Cal. May 8, 2009) (citing *Urez Corp. v. Super. Ct.*, 190 Cal. App.3d 1141, 1144 (1987)).  "The practical effect of a lis pendens is to cloud the property's title and prevent its transfer until the litigation is resolved or the lis pendens is expunged or released." *Id.* (citing *Malcom v. Super. Ct.*, 29 Cal.3d 518, 523 (1981)).  The notice of lis pendens must contain: (1) the "names of all parties to the action," Cal. Code Civ. Proc. § 405.20; (2) "a description of the property affected by the action," *id.*; and (3) the signature of an attorney of record or court approval where plaintiffs are proceeding *pro se*, Cal. Code Civ. Proc. § 405.21.

Here, although Plaintiff did not file, as an exhibit to the motion or amended motion, the proposed

---

[3] A *pro se* plaintiff may not file a lis pendens without court approval.  *See* Cal. Code Civ. Proc. § 405.21 ("An attorney of record in an action may sign a notice of pendency of action.  Alternatively, a judge of the court in which an action that includes a real property claim is pending may, upon request of a party thereto, approve a notice of pendency of action.  A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6.").

1 notice of lis pendens, the court will allow Plaintiff to file a lis pendens in relation to this action,

2 which involves a real property claim.[4]  In the notice that Plaintiff has permission to file, Plaintiff

3 must include the full caption of this action (including the names of all parties), the legal description

4 of the property that Plaintiff included in the amended motion.  Plaintiff also must sign the notice.

5 Plaintiff's amended motion is **GRANTED**.  Plaintiff is advised, however, that this approval is not to

6 be construed as a suggestion by this court that any of the claims made in the complaint necessarily

7 have merit, and Defendants may upon a proper showing ask for an order expunging the lis pendens

8 and/or dismissing the complaint.

## III. THE COURT DENIES PLAINTIFF'S MOTION FOR PERMISSION TO FILE ELECTRONICALLY

On February 10, 2014, Plaintiff filed a motion for permission to file electronically.  Motion to File Electronically, ECF No. 13.  In this District, parties appeared pro se are not allowed to file electronically without the court's permission.  N.D. Cal. Civ. L.R. 5-1(b).  Here, Plaintiff has not provided the court with any information to determine whether Plaintiff meets the technical requirements for e-filing.  For example, the court's sample motion and order, which is available on the court's website at http://www.cand.uscourts.gov/civillitpackets, lists numerous requirements that a pro se party must meet before being allowed to file electronically.  If Plaintiff can meet with these requirements, Plaintiff may file another motion (preferably one that mirrors the sample motion).  For now, however, Plaintiff's motion is **DENIED**.

---

[4] A "real property claim" is one "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public entity." Cal. Code Civ. Proc. § 405.4.  For purposes of evaluating a lis pendens, a "real property claim" does not include actions which seek only money damages, even if the action relates in some way to real property. *See* CALIFORNIA PRACTICE GUIDE: REAL PROPERTY TRANSACTIONS, § 11:629-11:643 (2009).  Here, Plaintiff meets this standard, as Plaintiff's claims relate to Defendants' foreclosure on Plaintiff's property, and as Plaintiff seeks, in part, "an order declaring the foreclosure prosecuted by Defendant[s] void and of no force and effect."  Complaint, ECF No. 1 at 9.

1  **IT IS SO ORDERED.**

2  Dated: March 5, 2014

3  _____
   LAUREL BEELER
   United States Magistrate Judge

C 14-00015 LB
ORDER                              5