UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ASHARFUN NISH HAFIZ,<br><br>          Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE; CAL-WESTERN RECONVEYANCE, LLC,<br><br>          Defendants.<br>_____/ | No. C 14-00015 LB<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND SETTING A DEADLINE FOR SERVING IT, (2) DENYING AS MOOT NATIONWIDE'S MOTION TO DISMISS, AND (3) CONTINUING THE CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF No. 17] |

On January 2, 2014, Plaintiff Asharfun Nish Hafiz, who is proceeding pro se, filed a complaint against two Defendants: Nationstar Mortgage ("Nationstar") and Cal-Western Reconveyance, LLC ("Cal-Western"). *See* Complaint, ECF No. 1.[1] Plaintiff alleged that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and committed negligence, in relation to their foreclosure of her property. *See id.* at 2, 7-8. Plaintiff apparently served Nationstar with the complaint and summons, as it appeared and moved to dismiss Plaintiff's complaint,[2] *see* Motion,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

[2] Nationstar filed its motion on January 29, 2014 and served it on Plaintiff by mail. Plaintiff never filed an opposition within the time allowed, and Nationstar, then, had no occasion to file a reply. Thus, Nationstar's motion is the only brief to be considered by the court.

C 14-00015 LB
ORDER

1  ECF No. 8, but Plaintiff does not appear to have served Cal-Western, *see generally* Docket.

2  Plaintiff did not timely file an opposition to Nationstar's motion. Instead, on April 17,
3  2014—well after the time for doing so under Federal Rule of Civil Procedure 15(a)—Plaintiff filed a
4  First Amended Complaint, which was accompanied by a memorandum in support of an unfiled
5  motion for leave to amend the complaint. *See* FAC, ECF No. 17; Memo, ECF No. 18. Plaintiff's
6  proposed First Amended Complaint re-alleges the FDCPA claim and also alleges new claims for
7  declaratory relief, intentional misrepresentation, injunctive relief, fraud, unjust enrichment,
8  cancellation of instruments, and quiet title. *See* FAC, ECF No. 17. It re-names Nationstar and Cal-
9  Western as defendants, but it also names four new ones: Deutsche Bank Trust Company as Trustee
10 for RALI Series 2006-Q04; Residential Accredit Loans, Inc.; RBS; and GMAC-RFC Ltd. *See id.*
11 Nevertheless, as Nationstar does not oppose it, *see* Statement of Non-Opposition, ECF No. 19, and
12 given the interests of judicial economy and because leave to amend is freely given, the court
13 construes Plaintiff's filings as a motion for leave to file a First Amended Complaint and finds good
14 cause to **GRANT** it.

15 The court's previous statements regarding service and consent still apply, though. As the court
16 explained, under Federal Rule of Civil Procedure 4(m), absent good cause, a plaintiff has 120 days
17 from filing the complaint to serve defendants. And under 28 U.S.C. § 636(c), the court needs the
18 consent of all served parties to decide dispositive motions, such as a motion to dismiss. *See* 28
19 U.S.C. § 636(c). An unserved defendant, however, is not a party under 28 U.S.C. § 636(c). *See*
20 *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing
21 *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d
22 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a
23 precondition to the magistrate judge's jurisdiction).

24 It still is unclear whether Plaintiff has served Cal-Western, and the court presumes, given the
25 lack of filed proofs of service, that Plaintiff has not yet served Deutsche Bank Trust Company as
26 Trustee for RALI Series 2006-Q04, Residential Accredit Loans, Inc., RBS, and GMAC-RFC Ltd. In
27 this situation, the court **ORDERS** Plaintiff to serve Cal-Western, Deutsche Bank Trust Company as
28 Trustee for RALI Series 2006-Q04, Residential Accredit Loans, Inc., RBS, and GMAC-RFC Ltd.

with the First Amended Complaint **by May 30, 2014**.  Plaintiff **SHALL** file proofs of service no later than **June 2, 2014**.  If Plaintiff does not serve these Defendants by June 2, 2014, the court may dismiss them from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).  Alternatively, if Plaintiff decides not to proceed against Cal-Western or any of the new Defendants, Plaintiff should file a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Accordingly, the court **DENIES AS MOOT** Nationstar's motion to dismiss.  Nationstar shall respond to the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12.  In addition, the court **CONTINUES** the initial case management conference from May 29, 2014 to **June 26, 2014 at 11:00 a.m.** in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.  The parties shall file a joint case management conference statement no later than **June 19, 2014**.

**IT IS SO ORDERED.**

Dated: May 6, 2014

_____
LAUREL BEELER
United States Magistrate Judge